NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0397n.06

No. 21-6064

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Oct 06, 2022
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE WESTERN DISTRICT OF |
| | ) | TENNESSEE |
| TERRY L. BENSON, | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

Before: SILER, NALBANDIAN, and READLER, Circuit Judges.

PER CURIAM. A jury convicted Terry L. Benson of mail fraud, theft of government funds, and passing a fictitious instrument, based on a scheme in which Benson sent the Internal Revenue Service fraudulent money orders that exceeded his tax debt enough that the IRS issued him corresponding refund checks. Now, Benson challenges the sufficiency of the evidence to support his convictions. Because the Government presented sufficient evidence to support Benson's convictions, we **AFFIRM**.

**I.**

A grand jury indicted Benson on three counts: theft of government funds in violation of 18 U.S.C. § 641, mail fraud in violation of 18 U.S.C. § 1341, and passing a fictitious instrument in violation of 18 U.S.C. § 514(a)(2). Benson waived his right to counsel and represented himself at trial.

At trial, the government presented evidence that the IRS received in the mail a document purporting to be a money order payable to the United States Department of the Treasury for just

over $393,000. The purported money order said "Tax Account Settlement Payment" in the memo line and listed the payer as "Terry Lawrence Benson Irrevocable Trust" with the address of 3943 Pippin Street, Memphis, Tennessee—where Benson's mother lived. After applying the purported payment to Benson's outstanding balance, the IRS mailed a refund check for $297,311.32 to Benson at the 3943 Pippin Street address.

An individual later presented that refund check to Morgan Stanley to open an individual brokerage account in Benson's name. Rosalind Odell, a business service manager with Morgan Stanley, testified that Morgan Stanley closed the account because of concerns about its suspicious nature and returned the funds to an individual, who picked up the check in person. Odell was "somewhat" able to identify Benson in court as the individual who picked up the check because "Mr. Benson appears to be wearing, I think, the same jewelry, same complexion, same demeanor [as the man who picked up the check]." (R. 203, PageID 1353).

The check from Morgan Stanley payable to Benson for about $297,000 was then used to open a checking account at Regions Bank in Benson's name and with the 3943 Pippin Street address. According to the testimony of Kimberly Townsley from Regions Bank and other evidence, an individual transferred funds from that account into another account at Regions Bank and used those accounts to make payments for various purchases, including the use of a cashier's check in the amount of about $72,000 to buy a mobile home located at 92 Hillview Road, Senatobia, Mississippi. Benson later submitted an affidavit to the IRS claiming to be a victim of identity theft. That affidavit listed his current mailing address as the 92 Hillview Road address.

The IRS later received another document purporting to be a money order payable to the "United States Treasury Internal Revenue Service" for $1.3 million. The purported money order

listed the payer as "Terry Lawrence Benson Bey Trust," included Benson's social security number, and was submitted along with documents using the 3943 Pippin Street address.

After the government presented its case, Benson moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29, which the district court denied. Then, the jury convicted Benson on all three counts. Benson received a sentence of 46 months of imprisonment, two years of supervised release, and an order of restitution of about $240,000 to the IRS. Benson timely appealed.

**II.**

We review de novo the district court's denial of Benson's motion for judgment of acquittal. *See United States v. Howard*, 947 F.3d 936, 947 (6th Cir. 2020). In reviewing the district court's decision, we must view "the evidence in the light most favorable to the prosecution . . . ." *United States v. Cunningham*, 679 F.3d 355, 370 (6th Cir. 2012) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). And, if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," we must affirm the district court's decision. *Id.* (quoting *Jackson*, 443 U.S. at 319). We are not the jury and may not reweigh evidence or insert our judgment in place of the jury's. *United States v. Ward*, 957 F.3d 691, 695–96 (6th Cir. 2020). And in evaluating only the government's presentation, we note that "[c]ircumstantial evidence alone" can sustain a conviction. *Howard*, 947 F.3d at 947 (quoting *United States v. Lowe*, 795 F.3d 519, 522–23 (6th Cir. 2015)).

Benson's main contention is that the government did not present sufficient evidence on his identity. Benson is not contesting that the IRS was defrauded. He is only arguing that the government didn't present enough evidence that he was the one who did the defrauding. So, Benson's argument goes, because no rational juror could have found beyond a reasonable doubt

that Benson was the one who defrauded the IRS, the district court should have granted his motion for judgment of acquittal.

Of course, "the government must prove beyond a reasonable doubt" that the "defendant [is] the person who perpetrated the crime charged." *United States v. Shanklin*, 924 F.3d 905, 917 (6th Cir. 2019) (internal citation omitted). But it's also true that "circumstantial evidence may support the identification of the defendant," so "the government need not present direct, in-court identifications of the defendant." *Id*. at 917–18.

Viewing the evidence in the light most favorable to the government, we conclude that there was sufficient evidence for a rational trier of fact to find beyond a reasonable doubt that Benson committed these crimes. On top of Odell's in-court identification of Benson as the person who picked up the check from Morgan Stanley, the evidence showed that the individual who committed the crimes used the 3943 Pippin Street address—Benson's mother's residence—to submit the phony money orders and other documents to the IRS and to open accounts at Regions Bank. With the funds obtained from the IRS and placed into accounts at Regions Bank, the individual bought a mobile home located at 92 Hillview Road—the same address that Benson listed in the identity-theft affidavit that he submitted to the IRS. Benson has failed to show that the district court erred in denying his motion for a judgment of acquittal. This evidence, taken together, is sufficient to allow a rational trier of fact to find Benson guilty beyond a reasonable doubt. *See Cunningham*, 679 F.3d at 370.

Accordingly, we **AFFIRM** the district court's judgment.